### J. LAZARUS *vs.* G. TROUSSEAU.

---

#### ON EXCEPTIONS.

THE DEFENDANT, in an action of assumpsit (there having been no verdict after two trials), paid into Court the full amount due plaintiff as charged in his complaint, and thereafter a certain sum as costs;

HELD, an unequivocal admission of the whole claim, and to amount to a *cognovit* or confession of judgment, upon which, under our law, on motion in Court the plaintiff was entitled to judgment for the whole sum paid in, with full costs.

Opinion of the Court by AUSTIN, J.

This was an action of assumpsit upon a promissory note for

$1,000 and interest. Issue was joined, and two trials were had before the Court and a jury, on which the jury disagreed. Thereafter, and on November 10, 1882, the defendant tendered and paid into Court, on the plaintiff's claim, $1,018.25 in legal tender, which was the exact amount due as claimed by the complaint on the note. And thereafter, on January 4, 1883, the defendant paid into Court $112.20 as the costs. And thereafter, on January 11, 1883, the plaintiff moved before Mr. Justice McCully, in open Court, for judgment against the defendant, which was denied, and the plaintiff appealed to this Court.

Doubtless, by all the authorities, the payment into Court of the whole amount claimed in the complaint was an unequivvocal admission of the whole claim.

See Roosevelt vs. N. Y. and Harlem R. R. Co., 15 Barb., 556; Conastoga and Morrisville Plank Road Co. vs. Skinner; 5 Burrows, 2,639-40; 1 Manning and Granger, 873; 8 Adolphus and Ellis, 144.

The defendant thereafter was estopped from making any defense to the action.

Our rule 14 says " costs shall follow judgment in all original actions in this Court."

The Code, Section 1,109, in case of default after service of process, provides for entry of judgment for the amount claimed, with costs.

The acts of the defendant amounted practically to a *cognovit,* a confession of judgment. They were more than a default.

And we hold that the plaintiff was entitled to a judgment under our law, and that his motion for judgment in open Court should have been granted for the whole sum paid in, with full costs.

Let judgment be so entered, with costs of this appeal.

J. Russell, for plaintiff.

R. F. Bickerton, for defendant.

Honolulu, January 31, 1883.